CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
August 01, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| Dewaune Lamont Lane Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:25-cv-00490 |
| | ) | |
| Jeffrey Kiser *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

An individual who is not a party to this case submitted documents, including a complaint, to the court and asks that they be filed on behalf of the *pro se* plaintiff. The complaint (Dkt. 1 at 38-43) is not signed by the plaintiff. The submission was not accompanied with a filing fee.

A *pro se* party in a federal lawsuit is required to sign each pleading, written motion, or other paper submitted to the court. Fed. R. Civ. P. 11(a). By presenting to the court a pleading, written motion, or other paper, a *pro se* party certifies that the paper complies with Rule 11(b), and the party can be subject to sanctions for violating that provision. Fed. R. Civ. P. 11(b)–(c). Additionally, requiring a party to submit documents on his or her own behalf ensures that the party wants a particular document filed in the case. For these reasons, the Clerk generally cannot accept filings submitted by a non-party on a party's behalf, unless the filings are signed by, or otherwise expressly authorized for submission by, the party.

The court understands that the submission was made by the third-party purportedly acting as "Trustee and Authorized Representative" of the plaintiff. (See Dkt. 1 at 1.) No documents in the submission indicate any proper conveyance of such authority. However,

even a properly executed Power of Attorney does not permit a non-lawyer to represent a *pro se* party in a court proceeding. Under Virginia guidance, non-attorneys representing *pro se* litigants engage in the unauthorized practice of law when they take actions in court on behalf of another party even when they hold a Power of Attorney. *See* Va. State Bar UPL Op. 218 (Sept. 13, 2021) (holding that "[a] non-lawyer agent/attorney-in-fact, acting under a power of attorney, who prepares, signs and files pleadings and appears before a Virginia tribunal to represent a principal is engaged in the Unauthorized Practice of Law").

Because the complaint was not signed or expressly authorized by the plaintiff, the Clerk is hereby **DIRECTED** to strike the submission that has been docketed as Dkt. 1 in this case and to terminate this action. The Clerk shall return the originals of the submission to the non-party, along with a copy of this Order and a copy of the court's form for filing actions pursuant to 42 U.S.C. Section 1983.

The plaintiff may resubmit his claims in a new action, which he must sign. The court has enclosed its complaint form for inmates filing civil rights actions, which plaintiff is encouraged to use. In order to institute an action, plaintiff need only identify the factual basis for and nature of his claims as explained on the complaint form. The court does not need evidence at the outset of a case, and the submission of evidence hampers the processing of the case.

It is so **ORDERED**.

**ENTERED** this 1st day of August 2025.

                                                HON. JASMINE H. YOON
                                              UNITED STATES DISTRICT JUDGE